FRANCISCO A. SUAREZ (SBN 135479)
**LAW OFFICE OF FRANCISCO A. SUAREZ**
140 W. Foothill Blvd. Suite B-1,
Claremont, CA 91711
Telephone: (909) 469-5111
Fax: (909) 912-8292
Email: fas@faslawgroup.com
Attorney for Plaintiffs
JENNY M. NEGRETE, GEORGE NEGRETE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY M NEGRETE, GEORGE NEGRETE <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL LORENZ, POLICE CHIEF CITY OF ONTARIO, CITY OF ONTARIO, a Municipal Corporation; ONTARIO POLICE OFFICERS; and DOES 1 through 25, inclusive, <br><br> Defendants. | ) Case No. <br> ) <br> ) COMPLAINT FOR DAMAGES FOR: <br> ) <br> )    1. Violation Of Fourth Amendment - Unlawful Seizure Of Person; <br> )    2. Violation of Fourth Amendment – Excessive Force; <br> )    3. Negligent Hiring, Supervision and Retention <br> )    4. Municipal Liability – Failure to Train and/or Discipline; <br> )    5. Battery (California Law); <br> )    6. Assault (California Law); <br> )    7. Intentional Infliction of Emotional Distress (California Law); <br> )    8. Elder Abuse <br> )    9. Violation of American with Disabilities Act of 1990, 42 U.S.C. 12101 <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

## INTRODUCTION

1.     This is a civil rights action seeking monetary relief against CITY OF ONTARIO (hereinafter "CITY", POLICE CHIEF MICHAEL LORENZ (hereinafter "CHIEF LORENZ"), ONTARIO POLICE OFFICER and DOE ONTARIO police officers for engaging in violations of the Fourth Amendment, Fourteenth Amendment, California State law, and California's civil rights statutes by systematically engaging in excessive force against Chino residents, including Plaintiffs here.

2.     In committing such civil rights violations, CITY of Ontario and its conspirator defendants, are targeting, whether directly or indirectly, Latinos who face debilitating consequences based upon CITY's capricious policies and arbitrary actions against such individuals.

3.     By this Complaint, Plaintiffs seek judicial redress for violations of their civil rights due to unreasonable seizures under the Fourth Amendment of the United States Constitution.

4.      Accordingly, judicial intervention is imperative in this matter to end Defendants' illegal practices which have, and continue to, impact the lives of many.

## PARTIES

5.     Plaintiff JENNY M. NEGRETE is a natural person, who, at all times complained in this action, resided in the State of California.

6.      Plaintiff GEORGE NEGRETE is a natural person, who, at all times, complained of in this action, resided in the State of California.

7.      At all relevant times, CHIEF LORENZ served as the department head of Ontario Police Department of the Defendant CITY.

8.      Defendant CITY OF ONTARIO is a municipal entity located in the State of California, within the territorial jurisdiction of this action.

9.      Defendant ONTARIO POLICE CHIEF LORENZ is and at all times complained of here, was a Defendant City of Ontario Department Officer, acting as an individual person under the color of state law, in his individual capacity and was action during and within the scope of his employment with defendant CITY.

10.     Defendant DOE 1, hereinafter also referred to as "Defendant Doe 1", is and at all times complained of herein, was a City of Ontario Police Officer, acting as an individual person under the color of state law, in his or her  individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.  Defendant Doe 2, hereinafter also referred to as Defendant Doe 2, is, and at all times complained of herein, was, acting as an individual person under the color of state law, as he or she conspired with state officials to deprive Plaintiff of Constitutionally protected rights. Defendants DOES 3 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of Defendant CITY and/or otherwise employed by the

COMPLAINT FOR DAMAGES

3

Ontario Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to Plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to Plaintiff: who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by Plaintiff.

11.    At all times complained of herein, DOES 3 through 6, inclusive, were acting as individuals persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatches, employed by the Ontario Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.  Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Ontario Police Department and/or Defendant City of Ontario, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by Plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing

the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Ontario Police Department for, *inter alia,*: 1) for unlawfully seizing persons; 2) for using excessive force on persons; 3) fabricating evidence and 4) covering up tortious conduct by Ontario Police Department  Officers.

12.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Ontario Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.  At all times complained of herein, Defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Ontario Police Department and/or otherwise with Defendant CITY.

13.    Plaintiffs are presently unaware of the identities of DOES 3 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to Plaintiffs.

14.    In addition to the above and foregoing, Defendant Does 1, and Defendant 2, and DOES 3 through 6, inclusive, acted pursuant to a conspiracy, agreement and

understanding and common plan and scheme to deprive the Plaintiffs of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15.     Defendants and DOES 4 through 6, inclusive, acted in joint and concerted action to so deprive the Plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above referenced, was a proximate cause of the violation of the Plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## JURISDICTION & VENUE

17.     This action is a Federal § 1983 action with supplemental unlimited state court claims.

18.     Personal jurisdiction and venue are proper in this Court because all incidents, events and occurrences giving rise to this action occurred in the city of Chino, State of California.

19.     Plaintiffs timely filed a governmental claim for damages with the Defendant CITY. The claim was rejected by operation of law and this action is timely filed within the rejection of the governmental claim.

## FACTUAL ALLEGATIONS

COMPLAINT FOR DAMAGES

6

20. On April 5, 2024, PLAINTIFF JENNY M. NEGRETE was in her home with co-PLAINTIFF GEORGE NEGRETE in the city of Chino. The address of the home is 6745 Stonegate Drive, Chino, CA 91710

21. PLINTIFF GEORGE NEGRETE was called on his phone and told by an unidentified caller that there was a suspicious vehicle outside of the Negrete home. The caller later to be determined as Defendant Ontario Police asked the Negrete's to go outside their home. The Negrete's and their son then walked out of the home. The Negrete's were asked if there was anyone else in the home. The Negrete's canines were barking.

22. There were then three to four uniformed ONTARIO POLICE who came into the PLAINTIFF'S house.

23. A female DEFENDANT ONTARIO officer attempted to detain JENNY M. NEGRETE AND GEORGE NEGRETE. The female ONTARIO POLICE officer was then told by JENNY M. NEGRETE that she was handicapped and had to use the restroom which was ignored. JENNY M. NEGRETE then urinated. Neighbors saw this occurring and were yelling "she's handicapped." JENNY M. NEGRETE was physically manhandled in a very disrespectful manner, and her breast was exposed to all around her.

24. After JENNY M. NEGRETE got up, she told one of the DOE officers that she was handicapped. The DOE officer ignored her, and JENNY M. NEGRETE was knocked down on the ground by another DEFENDANT ONTARIO officer. The Doe officer who

COMPLAINT FOR DAMAGES

7

did so told her that she PLAINTIFF JENNEY NEGRETE was the one that caused her fall. PLAINTIFF GEORGE NEGRETE was present and viewed the incident when this assault occurred. The officers were asked for their cards but were refused. JENNY M. NEGRETE then asked the officers to write their badge number which was refused. PLAINTIFF JENNY M. NEGRETE requested that the paramedics be summoned. The DOES officers then left the scene.

25. When PLAINTIFF GEORGE NEGRETE and PLAINTIFF JENNY M. NEGRETE went back inside the house and viewed that the DEFENDANT ONTARIO police had disconnected all their computers and camaras. Their son's property was thrown all over the ground. The DEFENDANT Doe police officers gave the Plaintiffs an incomplete Warrant attached hereto as EXHIBIT A.

### FIRST CAUSE OF ACTION

**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against Defendants and DOES 1 through 6, inclusive)**

26.    PLAINTIFFS incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27.    The present cause of action is brought pursuant to Sections 820 and 815.2 of the California Government Code. Under Section 820 of the Government Code, as public employees, the individual DEFENDANTS are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815 .2 of the Government

COMPLAINT FOR DAMAGES

8

Code, as a public entity, the Defendant CITY is liable for the injuries caused by the acts or omissions of its employees when committed in the course and scope of their employment.

28. PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE claim that DEFENDANTS DOES Officers 1-3 committed a battery against them, for which the CITY is liable.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –**
**Excessive/Unreasonable Use of Force on Person**
**(Against DOES 1 through 6, inclusive)**

29.    PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE suffered harm because of said deprivation of their freedom of movement by DEFENDANTS DOES 4 through 6, inclusive.

30.    The actions committed by Defendants 1 through 6, inclusive, as complained of herein, constitute a false arrest / false imprisonment of PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE under California state law.

31.    DEFENDANTS DOES 1 through 6, inclusive, are liable to PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE for said false arrest/false imprisonment, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common law.

32. The actions committed by DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, proximately caused PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial.

33. The actions of DEFENDANTS DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of damages against DOES 1 through 6, inclusive, in an amount to be proven at trial.

34. Defendants 1 through 6, inclusive, did not have probable cause to believe that PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE had committed a crime.

35. Defendants DOES 1 through 6, inclusive, restrained, brutalized and deprived PLAINTIFFS JENNY  NEGRETE and GEORGE NEGRETE of their liberty.

36. DEFENDANTS DOES 1 through 6, inclusive, intentionally deprived PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE of their freedom of movement by use of physical force and violence.

37. PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE did not consent to said deprivation of their freedom of movement by DEFENDANTS DOES 1 through 6, inclusive, or to the use of force and violence upon them.

COMPLAINT FOR DAMAGES

10

38.   PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE suffered harm because of said deprivation of their freedom of movement by DEFENDANTS DOES 1 through 6, inclusive.

39.   The actions committed by DEFENDANTA DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE under California state law.

40.   DEFENDANTS DOES 1 through 6, inclusive, are liable to PLAINTIFS JENNY M. NEGRETE and GEORGE NEGRETE for said false arrest/false imprisonment, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common-law.

41.   The actions committed by DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, proximately caused PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical/ psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial.

42.   The actions of DEFENDANTS DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against DOES 1 through 6, inclusive, in an amount to be proven at trial.

43.   DEFENDANTS DOES 1 through 6, inclusive, restrained, brutalized and deprived PLAINTIFFS JENNY  NEGRETE and GEORGE NEGRETE of their liberty.

44.   DEFENDANTS DOES 1 through 6, inclusive, intentionally deprived PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE of their freedom of movement by use of physical force and violence and threats of physical force violence.

45.   PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE did not consent to said deprivation of their freedom of movement by DEFENDANTS DOES 1 through 6, inclusive, or to the use of force and violence upon him.

46.   PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE suffered harm because of said deprivation of their freedom of movement by DEFENDANTS DOES 1 through 6, inclusive.

47.   The actions committed by DEFENDENTS 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE under California state law.

### THIRD CAUSE OF ACTION

**FOR NEGLIGENT HIRING, SUPERVISION & RETENTION (By Plaintiffs Against Defendants CHIEF MICHAEL LORENZ)**

48.   Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.   PLAINTIFFS are informed and believe, and thereon allege , that at all times mentioned herein, DEFENDANTS CHIEF LORENZ and DOES Officers 1-3, were

COMPLAINT FOR DAMAGES

12

acting within the course and scope of their employment with their employer DEFENDENT CITY.

50.     At all relevant times, DEFENDANT CHIEF MICHAEL LORENZ was the Chief of Police for the Ontario Police Department.

51.     At all times herein, DEFENDANT CHIEF MICHAEL LORENZ owned a duty of care to Plaintiffs and members of public in the hiring, retention, supervision and training of their agents, employees, servants and/or independent contractors, including DEFENDANT DOES Officers 1-3.

52.     DEFENDANT CHIEF MICHAEL LORENZ, failed to act reasonably in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors, including DEFENDANTS Chief MICHAEL LORENZ and DOES Officers 1-3 thereby breaching their duty to hire, retain, supervise; and train the individual defendant peace officers.

53.     Plaintiffs are informed and believe, and thereon allege, that in doing the acts as heretofore alleged, DEFENDANT CHIEF LORENZ knew, or in the exercise of reasonable diligence should have known, that DEFENDANT DOES Officers 1-3 were not competent and unfit to perform the duties for which they were employed, and that an undue risk to persons such as PLAINTIFF would exist because of the employment.

54.     Specifically, PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE are informed and believe, and thereon allege, that DEFENDANT CHIEF LORENZ, knew

that DOES Officers 1-3 lacked the proper training and fitness in the use of force, implementation of proper tactics, used negligent tactics when contacting members of the public, and were unfit to perform their duties as peace officers as alleged herein in this complaint.

55. Plaintiffs are informed and believe and thereon allege that despite this advanced knowledge DEFENDANT CHIEF MICHAEL LORENZ hired and retain X DOES Officers 1-3 as employees and failed to properly supervise and manage this risk of such employees.

56. As a direct and proximate result of the conduct of DEFENDANT CHIEF MICHAEL LORENZ, PLAINTIFF were subjected to excessive force and caused to suffer severe injuries.

57. All of the above acts and omissions of DEFENDANT CHIEF MICHAEL LORENZ were willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages to PLAINTIFFS as to said DEFENDANTS. Therefore, the conduct of DEFENDANT CHIEF MICHAEL LORENZ also amounted to a malicious and/or oppressive breach of duty under Cal. 17 | Civ. Code § 3294 necessary to punish and make an example of their despicable conduct.

## FOURTH CAUSE OF ACTION

**Municipal Liability, Failure to Train**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

COMPLAINT FOR DAMAGES

14

58.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 48 through 57, inclusive, above, as if set forth in full herein.

59.   The actions of DEFENDANT Officer   DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by PLAINTIFF JENNY NEGRETE and GEORGE NEGRETE  of the rights secured to them by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

60.   Defendants DOES 1 through 6, inclusive, are liable to PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

61.   As a direct and proximate result of the actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

62.   The actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of

COMPLAINT FOR DAMAGES
15

Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against and DOES 1 through 6, inclusive, in an amount to be proven at trial.

63.    In addition, as a result of the actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, PLAINTIFF is entitled to an award of attorney's fees and twenty-five thousand dollars damages against all defendants for each violation.

64.    The actions of DEFENDANTS  DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by PLAINTIFFS JENNY NEGRETE and GEORGE NEGRETE of the rights secured to them by the Constitution and laws of the United States, and of the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

65.    Defendants DOES 1 through 6, inclusive, are liable to PLAINTIFFS for said violations of their constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

66.    As a direct and proximate result of the actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical

COMPLAINT FOR DAMAGES

16

and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

67. The actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of PLAINTIFFS constitutional rights sufficient for an award of damages against and DOES 1 through 6, inclusive, in an amount to be proven at trial.

68. In addition, because of the actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE are entitled to an award of treble compensatory damages against all DEFENDANTS, and each of them.

69. The actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

70. Defendants DOES 1 through 6, inclusive, are liable to PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE for said violations of his constitutional rights,

pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

71.   As a direct and proximate result of the actions of defendants DOES 1 through 6, inclusive, as complained of herein, PLAINTIFF: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

72.   The actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of damages against and DOES 1 through 6, inclusive, in an amount to be proven at trial.

73.   In addition, as a result of the actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, PLAINTIFFS ARE entitled to an award of treble compensatory damages against all Defendants, and each of them.

## FIFTH CAUSE OF ACTION

**Battery**
**Under California State Law**
**(Against All Defendants)**

74. Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 45 through 73, inclusive, above, as if set forth in full herein.

75. The actions committed by DOES 1 through 25, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE, and, therefore, constituted a battery of them by said above-referenced defendant officers under California state law.

76. DEFENDANTS Officers 1-3 made intentional contact with PLAINTIFF JENNY M. NEGRTE AND GEORGE NEGRETE.

77. PLAINTIFFS JENNY M. NEGRETE AND GEORGE NEGRETE did not consent to nor was there, a legal justification for DEFENDANT CHIEF LORENZ and DOES Officers 1-3 touching Plaintiff's persons.

78. As a result of the use of force by DEFENDANT CHIEF LORENZ and Officers 1-3, JENNY M. NEGRETE and GEORGE NEGRETE were injured and suffered and continued to suffer severe physical pain and emotional distress.

79. As DEFENDANT Officers CHIEF LORENZ and Officers 1-3 have the duty to protect and serve public. Instead, the willful and conscious disregard of the rights of safety of PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE subjecting them to cruel and unjust hardship.

80. Accordingly, DEFENDANTS CHIEF LORENZ and Officers 1-3's despicable conduct constitutes a malicious and oppressive conduct for which PLAINTIFFS JENNY

COMPLAINT FOR DAMAGES
19

M. NEGRETE and GEORGE NEGRETE are entitled to recover damages, in addition to compensation for their physical and emotional pain and suffering, to make an example of his despicable conduct.

## SIXTH CAUSE OF ACTION
### Assault
### Under California State Law
### (Against All Defendants)

81.     Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 74 through 80, inclusive, above, as if set forth in full herein.

82.     The actions committed by DEFENDANTS DOES 1 through 6, inclusive, above-described, constituted an assault of PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE under California state law, as PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE were unlawfully placed in reasonable fear of receiving an imminent violent injury by said DEFENDANTS DOES 1 through 6, inclusive.

83.     Said DEFENDANTS CITY, and DOES 1 through 6, inclusive, and each of them, are liable to Plaintiff, under California state law for said assaults, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.     As     a     direct     and proximate result of the actions of said DEFENDANTS DOES 1 through 6, inclusive, PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological

COMPLAINT FOR DAMAGES
20

costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, and other associated costs and expenses; all in an amount of $3,000,000.

84.    The actions by DEFENDANTS DOES 1 through 6, inclusive, were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them save DEFENDANT CITY, in an amount to be proven at trial.

85.    The actions committed by DEFENDANTS DOES 1 through 6, inclusive, above described, constituted an assault of PLAINTIFF under California state law, as PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE were unlawfully placed in reasonable fear of receiving an imminent violent injury by said Defendants DOES 1 through 6, inclusive.

86.    Said DEFENDANTS CITY, and DOES 1 through 6, inclusive, and each of them, are liable to PLAINTIFFS, under California state law for said assaults, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

87.    As a direct and proximate result of the actions of said DEFENDANT DOES 1 through 6, inclusive, PLAINTIFFS were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, and other associated costs and expenses; all in an amount to be proven at trial.

COMPLAINT FOR DAMAGES
21

88. The actions by DEFENDANTS DOES 1 through 6, inclusive, were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each them, save DEFENDANT CITY, in an amount to be proven at trial.

89. The actions committed by DEFENDANT DOES 1 through 6, inclusive, above-described conduct constituted an assault of PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE under California state law, as PLAINTIFF was unlawfully placed in reasonable fear of receiving an imminent violent injury by said DEFENDANT DOES 1 through 6, inclusive.

90. Said DEFENDANTS CITY, and DOES 1 through 6, inclusive, and each of them, are liable to PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE, under California state law for said assaults, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

91. As a direct and proximate result of the actions of said DEFENDANTS DOES 1 through 6, inclusive, PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, and other associated costs and expenses; all in an amount to be proven at trial.

COMPLAINT FOR DAMAGES

22

92.   The actions by DEFENDANTS DOES 1 through 6, inclusive, were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive damages against all defendants and each of them save DEFENDANT CITY, in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**Intentional Infliction Of Emotional Distress**
**Under California State Law**
**(Against All Defendants)**

93.   PLAINTIFFS hereby reallege and incorporate by reference the allegations set forth in paragraphs 81 through 92, inclusive, above, as if set forth in full herein.

94.   Defendants DOES 1 through 6, inclusive, knew and/or should have known that PLAINTIFF was susceptible to suffering severe emotional distress from the actions taken and committed against Plaintiff as complained of herein.

95..   The actions committed by DEFENDANTS DOES 1 through 6, inclusive, during the incident as complained of herein, were malicious, oppressive, and/or in reckless disregard for PLAINTIFFS constitutional rights, was despicable and of such an outrageous nature as to be shocking to the conscience.

96.   The actions of DEFENDANT Officers DOES 1 through 6, inclusive, as complained of herein, committed against PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE, directly and proximately caused Plaintiff to suffer severe emotional distress.

97. DEFENDANTS, and each of them, are liable to PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE for said intentional infliction of emotional distress pursuant to California state law, and otherwise pursuant to the common-law.

98. As a direct and proximate result of the actions of DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

99. The actions committed by DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against DOES 1 through 6, inclusive, in an amount to be proven at trial.

100. Moreover, the actions committed by DEFENDANTS DOES 1 through 25, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE

101. Moreover, the actions committed by DEFENDANT DOES 1 through 25, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE

102. Moreover, DEFENDANTS CITY breached its duty of care the Plaintiffs JENNY M. NEGRETE and GEORGE NEGRETE, and to members of the public similarly situated, by failing to train its officers that they have no right to make unlawful searching of private citizens.

103. As a direct and proximate result of the actions committed by DEFENDANTS DOES 1 through 6, inclusive, as complained of herein, PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION
### FOR ELDER ABUSE
### (By Plaintiff Against All Defendants)

104. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

105. PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE were at all times mentioned herein an "elder" as defined by Welfare & Institutions Code Section 15610.27 as she was age 73 and he was 74 at the time of this incident.

106. PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE as disabled and elderly persons, was relying on DEFENDANTS to live up to their motto, "To Protect and Serve." Unfortunately, DEFENDANTS did the opposite and violated PLAINTIFFS

JENNY M. NEGRETE and GEORGE NEGRETE'S civil rights and physically abused them in violation Welfare & Institutions Code Section 15610.07.

107. DEFENDANTS intentionally caused physical injuries upon the person of PLAINTIFF JENNY M. NEGRETE, thereby hurting and injuring her right shoulder with no provocation whatsoever.

108. DEFENDANTS DOE did not use de-escalation techniques with JENNY M. NEGRETE to resolve whatever issue they were summoned to the residence for. Instead, DEFENDANTS conducted a surprise attack upon the person of PLAINTIFF JENNY M. NEGRETE, who was obviously an elderly PLAINTIFF at the time, and threw her on the ground, thereby causing considerable pain, thereby injuring her right shoulder. Just after the DEFENDANT female DEFENDANT DOE accosted PLAINTIFF another male DEFENDANT DOE accosted PLAINTIFF JENNY M. NEGRETE in front of PLAINTIFF GEORGE NEGRETE.

109. DEFENDANTS did not use de-escalation techniques on a person who was not only elderly, disabled, but also frail from previous injuries and was seeking services. The deployment of de-escalation techniques would have prevented the claims in the Complaint from arising as PLAINTIFF JENNY M. NEGRETE was at her home at the time of the incident and was not charged with any crime during this encounter and was subsequently released.

110.   DOES 1-2 et al. wantonly and intentionally placed tight handcuffs on PLAINTIFF JENNY M. NEGRETE's arms one of which she informed the officer that she was disabled with shoulder problems.  When PLAINTIFF JENNY M. NEGRETE complained about the pain resulting from the tightly placed handcuffs, DEFENDANT OFFICER DOE stated "I don't care, it could get much worse if you don't comply."

111.   As a result, of the abuse by Officer DOES 1-2 et al. PLAINTIFF JENNY M. NEGRETE was injured and has suffered and continued to suffer severe physical pain and emotional distress.

112.   As a DEFENDANT OFFICERS DOES 1-2 et al. have a duty to protect and serve the public, especially the elder public from all the abuse including from within the DEFENDANT Ontario Police Department.   Instead, the DEFENDANTS' willful and conscious disregard of the rights and safety of PLAINTIFF JENNY M. NEGRETE subjected her to cruel and unjust hardship. PLAINTIFF GEORGE NEGRETE was a participant witness to PLAINTIFF JENNY M. NEGRETE'S beating.

113.   Accordingly, DEFENDANTS OFFICERS DOES 1-2 et al., despicable conduct constitutes an intentional, malicious and oppressive conduct for which PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE's are entitled to recover damages. In addition to compensation for their physical and emotional pain and suffering, to make a example of their unacceptable and illegal conduct.

### NINTH CAUSE OF ACTION

**(Violation of the Americans with Disability Act of 1990 42 U.S.C. 12101,** *et seq.***)**

**[JENNY M. NEGRETE and GEORGE NEGRETE against the City of Ontario]**

114.    PLAINTIFFS reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

115.    Pursuant to 42 U.S.C. § 12132, "Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

116.    Under Title II of the Americans with Disability Act, public entities are required to make reasonable modifications to avoid discrimination on the basis of disability. The ADA sets an affirmative requirement to act appropriately with respect to prisoners with mental disabilities.

117.    ADA creates an affirmative duty in some circumstances to provide special, preferred treatment, or "reasonable accommodation."

118.    Facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced.

119.    Discrimination includes a defendant's failure to make reasonable accommodations to the needs of a disabled person based on his or her mental health. These accommodations include training on how to deal with the mentally ill, specialized training of jail staff, heightened level of medical care, and diligent surveillance.

120.    PLAINTIFF JENNY M. NEGRETE was a disabled individual suffering from a mental .and physical impairments that substantially limited one or more major life activities. PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE are "qualified individuals with a disability" for purposes of the Americans with Disabilities Act and the Rehabilitation Act.

121. The City of Ontario is a "public entity" for purposes of the Americans with Disabilities Act and the Rehabilitation Act.

122. A person has a disability if he/she has a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or is regarded as having impairment. It was well documented that PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE were diagnosed with mental and physical disabilities.

123. DEFENDANTS denied JENNY M. NEGRETE and GEORGE NEGRETE benefit of the services, programs or activities of the City of Ontario because of their disabilities and subjected to discrimination.

124. DEFENDANTS failed to provide reasonable accommodation to JENNY M. NEGRETE and GEORGE NEGRETE medical needs based on their mental health. The failure to provide critical medical information was a denial of the services program or activity based on their disability

125. DEFENDANTS denied PLAINTIFF JENNY M. NEGRETE and benefits of the services, programs or activities including a transfer to a mental health facility, which is the services, programs or activities they provide.

126. Defendant City failed to make reasonable accommodation to meet JENNY M. NEGRETE and GEORGE NEGRETE mental health needs. The CITY failed to provide PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE medication, or any other treatment for their injuries. DEFENDANT City ignored PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE signs of obvious medical distress.

127. There was an outright denial of services when PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE were exhibiting obvious symptoms of medical distress. This demonstrates that Defendants were discriminating against PLAINTIFF JENNY M. NEGRETE and GEORGE NEGRETE because of their disability.

128. DEFENDANTS were deliberately indifferent to PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE'S serious medical condition. Defendants had actual knowledge of the substantial risk of harm to PLAINTTIFFS JENNY M. NEGRETE and GEORGE NEGRETE from his serious diagnosed condition and they responded with deliberate indifference by failing to communicate or document her condition; failing to place them in medical facility where they could be watched; and failing to provide them medical care when PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE were in medical distress.

129. DEFENDANTS failed to conduct any self-evaluation of procedures and training for its personnel about how to handle encounters with persons who have mental illness or another disability.

130. DEFENDANTS violated JENNY M. NEGRETE and GEORGE NEGRETE'S clearly established rights under the ADA with deliberate indifference.

131. The violation of PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE'S rights resulted from a municipal policy or custom adopted or maintained with deliberate indifference.

132. As a direct and proximate result of the Defendants' conduct as herein described, PLAINTIFFS JENNY M. NEGRETE and GEORGE NEGRETE suffered damages in the amount to be determined at the time of trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

30

**WHEREFORE**, Plaintiffs pray as follows:

1. For general and special damages according to proof at the time of trial;

2. For attorneys' fees and costs of suit and interest incurred herein;

3. For punitive damages save the Defendant City of Ontario and

4. Any other relief this court deems just and proper.

Dated: April 1, 2026                    Respectfully Submitted,


/s/ *Francisco A. Suarez*
Francisco A. Suarez
Attorney for PLAINTIFFS



**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution, Plaintiffs hereby demand a jury trial of this action.


Dated: April 1, 2026                    Respectfully Submitted,


/s/ *Francisco A. Suarez*
Francisco A. Suarez
Attorney for PLAINTIFFS

COMPLAINT FOR DAMAGES

31

VERIFICATION

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

I, GEORGE NEGRETE, have read the foregoing, **COMPLAINT, and know its**

contents.

I am a party to this action. That matter stated in the foregoing document are true and of

my own knowledge except as to those matters which are stated in information and belief, and as

to those matters, I believe them to be true.

EXECUTED ON ___4|1___ , 2026, at ____Claremont____, California.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

_____
GEORGE NEGRETE

- 1

VERIFICATION

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

I, JENNY M. NEGRETE, have read the foregoing, **COMPLAINT,** and know its contents.

I am a party to this action. That matter stated in the foregoing document are true and of my own knowledge except as to those matters which are stated in information and belief, and as to those matters, I believe them to be true.

EXECUTED ON __4|1__ , 2026, at ___Claremont___, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
JENNY M. NEGRETE

- 1